ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| CONSEJO DE TITULARES CONDOMINIO CARIBBEAN SEA VIEW, Apelada, v. VON HEIDL Q OF 2, LLC, Apelante. | TA2025AP00527 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: SJ2023CV08179. Sobre: cobro de dinero. |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 15 de enero de 2026.

El 7 de noviembre de 2025, la parte apelante, Von Heidl Q of 2, LLC (Von Heidl o compañía), presentó este recurso de apelación, en el que nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 7 de octubre de 2025, notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró con lugar la demanda instada por el Consejo de Titulares del Condominio Caribbean Sea View (Consejo de Titulares). En su consecuencia, ordenó a Von Heidl a pagar $162,352.10, más cualquier cantidad que se acumulara hasta el saldo total de la deuda, por concepto de cuotas de mantenimiento, derramas, seguros y penalidades. Además, le ordenó pagar la cantidad de $5,500.00, por concepto de honorarios de abogados.

Por los fundamentos que expondremos a continuación, confirmamos la sentencia apelada.

I

El 25 de agosto de 2023, el Consejo de Titulares presentó una demanda en cobro de dinero contra Von Heidl[1]. En síntesis, alegó que, al

---

[1] *Véase,* apéndice del recurso, entrada 1 del *Sistema Unificado de Manejo y Administración de Casos* del Tribunal de Apelaciones (SUMAC TA).

momento de presentar la demanda, la compañía adeudaba $55,504.06, por concepto de cuotas de mantenimiento, relacionadas con el Apartamento 2700 del Condominio Caribbean Sea View, que ubica en San Juan, Puerto Rico. Adujo que la deuda estaba vencida, y era líquida y exigible, y que sus gestiones de cobro habían resultado infructuosas. Por tanto, requirió del foro primario que ordenara su pago, más los intereses, las costas, los gastos y los honorarios de abogado.

Por su parte, el 20 de marzo de 2024, Von Heidl contestó la demanda y, tras negar las alegaciones medulares, invocó varias defensas; entre ellas, que el motivo de su incumplimiento con el pago de las cuotas de mantenimiento eran las acciones negligentes y dolosas por parte del Consejo de Titulares[2].

Culminado el descubrimiento de prueba, el Tribunal de Primera Instancia celebró la conferencia con antelación a juicio[3]. En ella, las partes litigantes argumentaron la aplicación del Art. 59 de la *Ley de Condominios de Puerto Rico,* Ley Núm. 129-2020, 31 LPRA sec. 1923d (Ley de Condominios), el cual establece que ningún titular podrá librarse del pago de contribuir al pago de los gastos de mantenimiento por haber presentado una reclamación judicial contra el Consejo de Titulares por asuntos relacionados con la administración y mantenimiento de las áreas comunes[4].

Sometido el asunto, el foro primario aclaró que, por tratarse de un caso sobre cobro de dinero presentado al amparo del Art. 59 de la Ley de Condominios, solo permitiría la invocación de defensas relacionadas a la

---

[2] *Véase*, apéndice del recurso, entrada 27 del SUMAC TA.

[3] *Íd.,* entrada 73 del SUMAC TA; esta constituye la *Minuta* de la vista celebrada el 22 de mayo de 2025, en la que el tribunal limita claramente el único asunto en controversia y la prueba que habría de recibir en el juicio en su fondo.

[4] A esos efectos, también se hizo referencia a la *Sentencia* dictada el 30 de octubre de 2024, por el Tribunal de Primera Instancia, en el caso *Von Heidl Q of 2, LLC v. Consejo de Titulares Condominio Caribbean Sea View*, civil núm. SJ2022CV07565. Mediante el referido dictamen el Tribunal de Primera Instancia concluyó que el Departamento de Asuntos del Consumidor (DACo) era el foro con jurisdicción primaria y exclusiva para atender la causa de acción de daños y perjuicios presuntamente causados por la omisión del Consejo de Titulares de reparar o comenzar a reparar los elementos comunes del piso 27 (el apartamento 2700 de Von Heidl ocupa el piso completo en su totalidad). Dicha sentencia fue confirmada por un panel hermano, en el recurso KLAN202401076.

validez, liquidez y exigibilidad de la deuda objeto de controversia. Por tanto, estableció que cualquier controversia relacionada con la causa de acción de daños y perjuicios causados por la presunta omisión del Consejo de Titulares de reparar o comenzar a reparar los elementos comunes del piso 27 no sería dilucidada en el juicio. Tampoco se recibiría prueba a estos efectos, por ese tipo de controversia ser de la jurisdicción primaria y exclusiva del DACo.

Tras varias incidencias procesales, el 7 de octubre de 2025, se celebró el juicio en su fondo, limitado, según previamente dispuesto por el foro primario, al cobro de dinero reclamado por el Consejo de Titulares. Este presentó la prueba documental y testifical pertinente a su reclamación. Por su parte, Von Heidl no presentó prueba[5].

Al día siguiente, el Tribunal de Primera Instancia emitió la sentencia objeto de este recurso, en la cual declaró con lugar la demanda e impuso el pago de las costas y honorarios de abogado a favor de la compañía apelante[6].

Inconforme con el referido dictamen, Von Heidl presentó este recurso y formuló los siguientes señalamientos de error:

> Erró el TPI al no permitirle a la demandada presentar su defensa de actos propios y manos limpias, basados en que la demandante le había impedido usar su apartamento.

> Erró el TPI al no permitirle a la demandada presentar prueba de la deuda de sobre $200,000 que tiene la demandante con la demandada.

> Erró el TPI al imponer el pago "de $5,500.00, por concepto de costas, gastos y honorarios de abogados," sin que se presentara un memorando de costas.

> Erró el TPI al imponer el pago "de $5,500.00, por concepto de costas, gastos y honorarios de abogados sin mediar una

---

[5] Cual surge de la sentencia apelada, Von Heidl intentó someter en evidencia 97 documentos relacionados con los presuntos daños sufridos. Tales documentos no fueron admitidos en evidencia, pues, nuevamente, contradecían la determinación previa del tribunal sobre la jurisdicción primaria y exclusiva del DACo sobre los aspectos de daños y las presuntas actuaciones u omisiones del Consejo de Titulares. Apuntamos, además, que, mediante nuestra *Resolución* del 14 de noviembre de 2025, concedimos un término de 3 días a la apelante para que informara si reproduciría la prueba oral desfilada en el juicio. No obstante, transcurrido el término concedido sin que Von Heidl compareciera, el 1 de diciembre de 2025, concedimos a la apelada el término reglamentario para que presentara su oposición al recurso, lo cual hizo el 22 de diciembre de 2025.

[6] *Véase*, apéndice del recurso, entrada 94 del SUMAC TA.

determinación de temeridad contraviniendo lo dispuesto en la Regla 44.3(b) y la doctrina reiterada del Tribunal Supremo.

(Énfasis omitido).

Por su parte, el 22 de diciembre de 2025, el Consejo de Titulares presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

## II

## A

La Ley Núm. 129-2020 (Ley Núm. 129-2020), según enmendada, intitulada *Ley de Condominios de Puerto Rico*, 31 LPRA sec.1921-1923r, establece las instancias en que los titulares pueden impugnar acciones u omisiones de la Junta de directores de un condominio sujeto al régimen de propiedad horizontal. A saber: cuando sean contrarias a la Ley Núm. 129-2020 o a la escritura matriz y al reglamento del condominio. Igualmente, podrán impugnarlas cuando resulten gravemente perjudiciales a los intereses de la comunidad o de un titular. Finalmente, cuando resultaren gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y ello no haya sido previsible al momento de la compra. En cuanto al foro con jurisdicción para atender dichos reclamos, el referido estatuto dispone en su Art. 65 que:

.     .     .     .     .     .     .     .

[l]os titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los titulares que sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor,** así como cualquier reclamación presentada en contra del agente administrador. Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación. En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan

violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley.

.         .         .         .         .         .         .         .         .

31 LPRA sec. 19231l. (Énfasis nuestro).

En lo pertinente al recurso que atendemos, el Art. 59 de la Ley Núm. 129-2020, 31 LPRA sec. 1923d, establece el deber de los titulares de apartamentos a contribuir en los gastos comunes para la administración y conservación del inmueble. Particularmente, el referido artículo dispone lo siguiente:

Los titulares de los apartamentos están obligados a contribuir proporcionalmente a los gastos para la administración, conservación y reparación de los elementos comunes generales del inmueble y, en su caso, de los elementos comunes limitados, así como a cuantos más fueren legítimamente acordados.

.         .         .         .         .         .         .         .         .

**Ningún titular podrá librarse de contribuir a tales gastos por renuncia al uso o disfrute de los elementos comunes, ni por abandono del apartamento que le pertenezca, ni por haber incoado una reclamación administrativa o judicial contra el Consejo de Titulares o la Junta de directores por asuntos relacionados con la administración o el mantenimiento de las áreas comunes, salvo que el tribunal o foro competente así la autorice**. Se entenderá que las acciones de cobro, como lo es el envío de una factura o estado de cuenta a un titular, interrumpirán cualquier término prescriptivo aplicable a cuotas de mantenimiento, derramas, multas, seguro comunal o deudas con el Consejo de Titulares.

.         .         .         .         .         .         .         .         .

**La deuda de un titular por concepto de cuotas de mantenimiento para gastos comunes se le podrá reclamar judicialmente luego de ser requerido de pago mediante correo certificado con acuse de recibo y de este no cumplir el pago en el plazo de vencimiento**.

.         .         .         .         .         .         .         .         .

Cuando el demandante así lo solicitare, en aquellos casos en que el titular moroso hubiere arrendado el apartamento, el Tribunal podrá ordenar al arrendatario que consigne judicialmente a favor del Consejo de Titulares la cantidad total por concepto de cánones de arrendamiento, según éstos vayan venciendo, hasta que se cubra totalmente la deuda del titular.

(Énfasis nuestro).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha manifestado que "el pago de las cuotas de mantenimiento constituye un elemento fundamental para el sostenimiento de la vida en comunidad y para lograr el disfrute pleno y la coexistencia". *Condominio First Federal v. LSREF2*, 202 DPR 934, 940 (2019). Por ello, nuestro ordenamiento provee mecanismos de naturaleza sumaria para facilitar el cobro en concepto de cuotas adeudadas. *Con. Tit. Centro Int'l Torre II v. PRCI*, 210 DPR 403, 415 (2022).

B

Para que una causa de acción de cobro de dinero se sostenga, es necesario establecer que la cuantía que se reclama es líquida, vencida y exigible; es decir, que esta sea cierta y determinada. *Ramos de Szendrey v. Colón Figueroa*, 153 DPR 534, 546 (2001). Se entenderá que una deuda, además, es exigible cuando por la naturaleza de la obligación o por haberlo requerido el acreedor, deba ser satisfecha y se pueda reclamar su cumplimiento. *Jarra Corporation v. Axxis Corporation*, 155 DPR 764, 773 (2001). De forma que el demandante solo tiene el deber de probar la existencia de una deuda válida, que no ha sido pagada, que él es el acreedor y que a quien ha demandado es el deudor. *General Electric and Leasing Corp. of PR, Inc. v. Concessionaries, Inc.,* 118 DPR 32, 43 (1986).

C

En nuestro ordenamiento jurídico, como regla general, la concesión de honorarios de abogado a la parte que prevaleció en un litigio depende únicamente de la determinación que haga el juzgador en torno a si la parte perdidosa o su representación legal actuó o no con temeridad. *PR Fast Ferries et al. v. AAPP*, 213 DPR 103, 115 (2023). Ahora bien, esta norma encuentra su excepción y cede si una ley especial expresamente lo dispone así. *Íd.*

De esta manera, la imposición o concesión de honorarios de abogado no procede en todos los casos. Depende, pues, de la determinación discrecional que haga el tribunal en torno a si la parte

perdidosa o su abogado actuó con temeridad o frivolidad, o de la existencia de una ley especial. *Íd.* Véase, además, la Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V.

Valga resaltar que, **en nuestro ordenamiento procesal civil cuando el tribunal ordena a la parte perdidosa a pagar honorarios de abogado, lo que puede hacer en todo tipo de acción, tal imposición constituye una determinación implícita de temeridad.** *SLG González-Fonseca v. SLG et al.*, 209 DPR 138, 148 (2022).

El Tribunal Supremo de Puerto Rico ha reiterado que, como norma general, los honorarios de abogado no forman parte de las costas. *PR Fast Ferries et al. v. AAPP*, 213 DPR, a la pág. 115. Sin embargo, asimismo ha aclarado que, una vez el tribunal determina que una parte incurrió en temeridad, está obligado a imponer el pago de los honorarios de abogado a favor de la parte que prevaleció en el pleito. *PR Fast Ferries et al. v. AAPP*, 213 DPR, a la pág. 115.

De otra parte, en cuanto a las costas, la Regla 44.1(a) de Procedimiento Civil, 32 LPRA Ap. V, dispone lo siguiente:

> Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.
> .        .        .        .        .        .        .        .

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que no todos los gastos del litigio son recobrables como costas. *PR Fast Ferries et al. v. AAPP*, 213 DPR, a la pág. 116. Solo son recobrables los gastos necesarios y razonables para la tramitación del pleito, procedimiento o apelación que un litigante debe reembolsar a otro. *Íd.*

Ahora bien, la Regla 44.1(b) de Procedimiento Civil, 32 LPRA Ap. V, dispone entre otros asuntos que la parte que reclame el pago de costas deberá presentar al tribunal y notificar a la parte contraria, dentro del

término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. Dicho término es de carácter jurisdiccional. *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 213 (2017).

III

Mediante los primeros dos señalamientos de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al no permitirle presentar su defensa de actos propios y manos limpias basadas en que, presuntamente, el Consejo de Titulares le había impedido usar su apartamento y que, a su vez, incidió al no permitirle presentar prueba de los sobre $200,000.00, que el Consejo de Titulares presuntamente le adeuda.

Arguye que el raciocinio del tribunal con relación a la jurisdicción primaria y exclusiva del DACo en la acción civil SJ2020CV03105 no era aplicable a la presente controversia. En particular, expresa que "una reclamación no es lo mismo que una defensa". No obstante, no elabora esta premisa y se limita a señalar que la jurisdicción exclusiva que la Ley de Condominios le concede al DACo no puede tener el efecto de privarle de presentar alguna defensa afirmativa. Acto seguido, arguye que el Tribunal de Primera Instancia debió permitir la presentación de evidencia sobre los gastos en los que ha incurrido para la reparación de las ventanas del apartamento, y la deuda que presuntamente mantiene el Consejo de Titulares con esta. Ello, conforme a la Regla 23 del Reglamento de Condominios, Reglamento 9386 del 6 de junio de 2022[7].

Por su parte, el Consejo de Titulares sostiene que, conforme al derecho aplicable y a la prueba sometida en evidencia, no existe

---

[7] La referida regla dispone que quedarán excluidas de la jurisdicción del DACo las querellas entre titulares o cuando el Consejo de Titulares, el director o la Junta de directores presente una reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.

controversia respecto a que el Condominio Caribbean Sea View está sometido al régimen de propiedad horizontal, por lo que le es aplicable la Ley Núm. 129-2020. A su vez, aduce que tampoco existe controversia sobre que Von Heidl es el titular del apartamento 2700 del Condominio. Alega que, de la prueba presentada, la cual no fue controvertida, se desprende que la parte apelante incumplió con su obligación de pagar las cuotas de mantenimiento, derramas, cuotas del seguro e intereses y penalidades del apartamento 2700. Finalmente, reitera que, a pesar de las gestiones de cobro que ha realizado, al 31 de octubre de 2025, la compañía apelante adeuda la cantidad total de $162,352.10; lo cual incluye cargos por penalidades. Por tanto, insiste en que el foro primario no erró al declarar la cantidad líquida, válida y exigible, ni al ordenar su pago.

Como discutimos, la Ley Núm. 129-2020 establece las instancias en que los titulares pueden impugnar acciones u omisiones de la Junta de directores de un condominio sujeto al régimen de propiedad horizontal. De igual forma, aclaramos que el referido estatuto es claro respecto a que, al atender dichos reclamos, en los casos que los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor.

En esta ocasión, **no** nos persuaden los argumentos de la parte apelante en cuanto a que se le debió permitir presentar prueba sobre la presunta deuda del Consejo de Titulares. En todo caso, le correspondía presentar prueba que derrotara la alegación de que la deuda reclamada por el Consejo estaba vencida, y era líquida y exigible. No lo hizo.

Los documentos unidos al expediente en este caso demuestran que no existe controversia en cuanto a que Von Heidl tiene que pagar la cantidad reclamada por el Consejo de Titulares.

En ese sentido, la *Sentencia* emitida por el foro *a quo* resulta cónsona con lo establecido en la Ley Núm. 129-2020, respecto a que ningún titular podrá librarse de contribuir a tales gastos por renuncia al uso

o disfrute de los elementos comunes, ni por abandono del apartamento que le pertenezca, ni por haber incoado una reclamación administrativa o judicial contra el Consejo de Titulares o la Junta de directores por asuntos relacionados con la administración o el mantenimiento de las áreas comunes.

Von Heidl señala mediante su tercer y cuarto error que el Tribunal de Primera Instancia erró al imponerle el pago de $5,500 por concepto de costas, gastos y honorarios. En particular, resalta que no procede la referida imposición ya que el foro primario no hizo una determinación de temeridad y no se presentó un memorando de costas. Lo anterior, aduce, en contravención a la Regla 44.3(b) de Procedimiento Civil, 32 LPRA Ap. V, y la doctrina reiterada del Tribunal Supremo de Puerto Rico. Además, arguye que imponer una suma englobada por costas y por honorarios de abogado, impide saber qué porción constituye honorarios de abogado, y qué porción no. No le asiste la razón.

Tal como expusimos, en nuestro ordenamiento procesal civil, cuando el tribunal ordena a la parte perdidosa a pagar honorarios de abogado, lo que puede hacer en todo tipo de acción, tal imposición constituye una determinación implícita de temeridad. Por tanto, en este caso con la imposición de honorarios de abogado, debemos inferir que el foro *a quo* concluyó que la parte perdidosa había actuado con temeridad o frivolidad[8].

De otro lado, y como discutimos, las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito, excepto en aquellos casos en que se disponga lo contrario por ley o por las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Es decir, que el tribunal posee discreción para imponer el pago de costas, sujeto a que se presente un memorando de costas dentro del

---

[8] De hecho, aun cuando no medió una determinación explícita del foro primario al respecto, el expediente del caso, analizado a la luz de las acciones de Von Heidl y de la determinación previa del Tribunal de Primera Instancia en el caso civil núm. SJ2020CV03105, confirmada por un Panel Hermano en el recurso KLAN202401075, evidencian que la conducta desplegada por Von Heidl en este caso fue contumaz y frívola, y que este pleito pudo haber sido evitado. Ello justificaba plenamente la imposición de honorarios de abogado por temeridad.

término jurisdiccional para ello. En este caso, el Consejo de Titulares no presentó un memorando de costas, por lo que parte apelante no viene obligada a pagar una partida a esos efectos[9]. No obstante, sí viene obligada a pagar la cantidad de $5,500.00 impuesta por concepto de honorarios de abogado, según surge de la sentencia apelada.

IV

Por los fundamentos expuestos, confirmamos la sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Claro está, conforme a la Regla 44.1(c) de Procedimiento Civil, la parte apelada podría, de entenderlo pertinente, presentar un *Memorando de Costas* relacionado con los gastos incurridos en la tramitación de este recurso.